Good morning, Your Honors. May it please the Court. Asim Patakone from Covington and Burling on behalf of Plaintiff Appellant Michael Anthony Todd. I'd like to reserve two minutes for rebuttal. Mr. Todd brings this case before the Court today following the District Court's decision to dismiss his Eighth Amendment failure to protect claims against the defendants. The District Court dismissed Mr. Todd's claims on the basis of a failure to exhaust administrative remedies. Mr. Todd challenges the District Court's decision on two grounds. First, the Magistrate Judge, whose findings and recommendation upon which the District Court relied, improperly placed the burden of proof on Mr. Todd as opposed to the defendants. This was in conflict with this circuit's precedent set in Albino v. Baca. Second, the prison official's failure to process Mr. Todd's appeals violated his First Amendment right to access the courts. I'd like to focus my time today on the first issue regarding the Magistrate Judge's improper allocation of the burden of proof. This Court has established a three-step procedure for resolving questions of exhaustion in Albino v. Baca. The first step, according to the Court, was for the defendants to carry out the burden of showing that remedies are generally available and that the plaintiff failed to exhaust those remedies. In this case, this is not in question. Step one has been satisfied, and Mr. Todd acknowledges that there was a generally available remedy and that he was unable to exhaust it. The Albino Court then held that the second step is for the burden to shift over to the plaintiff to come forward with evidence that shows that there is something in his particular case that made exhaustion unavailable to him. And the Court was clear that this is merely a burden of production, not a burden of proof. And in this case, as I will explain in more detail shortly, Mr. Todd satisfied that burden by providing testimony and a declaration that explained when and how he filed these appeals. Upon making this showing, the Albino Court has held that the exhaustion was unavailable to the plaintiff. And here, in this case, the defendants present no evidence that rebuts the evidence put forth by Mr. Todd. Unfortunately for Mr. Todd, the magistrate judge placed the burden of proof on Mr. Todd rather than on the defendants. And as a result of this error, the Court ruled in favor of the defendants. Without this error, Mr. Todd would have prevailed in this litigation, or at least on the exhaustion issue in this litigation. And the Court would not have dismissed Mr. Todd's case. This is apparent from the text of the magistrate judge's order. The magistrate judge concluded that it is quite difficult to believe that Mr. Todd would neglect to pursue appeals of official decisions that allegedly led to his being stabbed and physically attacked. He also concluded that the appeals process was fraught with theoretical and practical pitfalls. Yet despite making these findings, he ruled against Mr. Todd because Mr. Todd didn't do enough to show, or to establish, that he was frustrated in his attempts to exhaust. So what was the substance of the state's evidence? The state provided evidence showing that Mr. Todd was someone who had successfully filed appeals in the past on unrelated issues, and that Mr. Todd, and that a generally available administrative remedy was present that Mr. Todd could have availed himself to. However, none of the evidence specifically related to Mr. Todd's evidence, which showed that on specific dates and times, he attempted to exhaust these remedies and he was unable to do so. He followed the proper prison procedure. He filled out the appeals, slipped them under the door, and someone from the prison was supposed to come by. Did they have anybody put in an affidavit or a declaration saying that they routinely went by his office, by his cell to pick up mail, and they never picked up anything like this? They did not, Your Honor. They didn't provide any affidavit, nor did they provide any live testimony. They did call a couple of witnesses to testify about the general procedures available, but that alone isn't sufficient, as this Court has held in Williams v. Paramo. In that case, the Court ruled that evidence that generally outlines the procedures for filing a claim are insufficient, and that's precisely the type of evidence that was used. Was there a drop box near his cell? There was a drop box near Mr. Todd's cell. And did they put in an affidavit or anything to say that they checked that box every day at a certain time and they never found anything in there from Mr. ...? They did not provide that testimony. I believe they did testify to the fact that there is a drop box that he could have dropped the appeal off onto. And to be clear, the magistrate judge in his findings and recommendation noted that the fact that Mr. Todd followed the proper procedure by slipping an appeal under his door, it was one of three possible methods for Mr. Todd to attempt to avail himself to the administrative remedy. The magistrate judge found that that was a sufficient way for him to go about filing his appeal. It seems, counsel, that both sides in this case would characterize your client as the boy who cried wolf, in a sense, that he's always complaining about things. Is that fair? I think it's fair that Mr. Todd has filed several appeals in the past. And it seems to me one of your better arguments is that if he's going to complain about all this other stuff, then surely he must have complained about this. Yes, Your Honor, that's correct. And under Williams v. Paramo, I'm reading this sentence, and I was surprised to read it in the decision, but it's there, and it's good for you. It says, 1192, I believe, it says, Williams' statements that she was thwarted from filing a grievance and appeal meet her burden of production. Do you know of any law since Williams that suggests that's still not good law? I'm not aware of such law, Your Honor. Williams is instructive here. In Williams, the plaintiff presented less evidence than what Mr. Todd has presented in this case. In this case, Mr. Todd has not only presented a declaration, as was the case in Williams, he also provided live testimony to corroborate his claims. And on the basis of that testimony, it's apparent that the defendants haven't done anything to rebut that. They could have, at the evidentiary hearing, put up a Todd cell and collect his appeals, but they didn't do that. Instead, they presented evidence showing that there was a generally available administrative remedy for Mr. Todd, and that was not an issue in dispute. Let me ask you this. I have a question from page eight of the magistrate judge's opinion. Equally incomprehensible, however, is plaintiff's claim that he recorded the appeals at issue in his daily planner, then discarded or lost that issue in this case. How do you deal with that? Your Honor, that finding is dealing with a collateral issue. He makes multiple findings in his findings and recommendation. The main finding that he makes is that it's quite difficult to believe that Mr. Todd wouldn't have filed these appeals. But then, as you note, he also states that it's equally incomprehensible that he wouldn't have maintained these daily planners where he noted down the dates of his appeal. But that deals with the collateral issue of whether Mr. Todd had additional evidence in order to support his claim that he had attempted to exhaust. And it's Mr. Todd's burden of production and not his burden of proof. The magistrate judge was looking towards Mr. Todd to show that he could prove that he was unable to exhaust, and that's why he was looking at these planners. But tell me, what do you think we should do? Do we remand for the magistrate judge to properly carry out the first third step of albino? Or do you think we should just say, oh, he's satisfied exhaustion and it should go to the merits? We believe that this court should rule that Mr. Todd has satisfied the exhaustion requirement and that we should move straight to the merits. The factual record is complete. There was a complete evidentiary hearing. The defendants had an opportunity to present their witnesses at the evidentiary hearing, and they didn't do it. There are no other facts that need to be discovered at the district court level. If it's okay with the court, I'd like to reserve my remaining time for rebuttal. Thank you, Your Honors. May it please the court, Nia Nguyen on behalf of all appellees. Almost four years after the first attack, Todd disclosed for the first time the exact date he purportedly mailed or submitted his grievance to the appeals office at the time of the attack. But that disclosure didn't say how he submitted those grievances and to whom. So when the magistrate judge asked Todd point blank at the evidentiary hearing about his exhaustion efforts, including how he could recall those dates years later, Todd affirmatively brought up his daily planners. The magistrate judge then asked, where are those planners? From that point forward, Todd's credibility with the fact finder went downhill. Todd admitted, despite being very savvy about the grievance process, that he didn't take steps to preserve his daily planners. He stated that no one would believe him anyway. Todd acknowledged that his failure to preserve his planners, despite knowing that exhaustion was at issue in the litigation, was quote-unquote, very damaging to his case. And indeed it was. The magistrate judge found Todd not credible after pondering whether to credit his claims regarding the submitted or the claimed appeals. Thus, the judgment below should be affirmed because the magistrate judge's factual finding that Todd did not submit the grievances he claimed he did is fatal to his appeal. That... Tell me, does the record show that he just casually discarded them and I don't need them, or did he lose them when he was transferred to another prison in Sacramento? His testimony basically was, I don't remember, I don't know what happened, but basically I did not take steps to preserve them. And so defendants raised the issue of exhaustion in May of 2013. When he wrote down the dates in his testimony, he still had his planners. Thus, he was certainly on notice that exhaustion was going to be an issue. Despite that knowledge, he just didn't take any efforts to preserve them and they just simply disappeared. That was critical because the magistrate judge just wondered why someone like Mr. Todd, who is very familiar with the grievance process and knowing that reportedly he had trouble with the grievance process, didn't take any steps to preserve those planners. And that was very damaging to his credibility. Counsel, I understand how that might go to the ultimate merits of the case, but if the state's theory is that he's the boy who cried wolf, maybe there's no wolf, but he certainly cries a lot. And if he cries a lot, then doesn't that satisfy the burden of production in this case? No, because, so under the burden-shifting framework of Albino, so we start with the initial burden of production and my friend just admitted that we satisfy our initial burden, the analysis ends. There's no need to go to the second part. So once we satisfied our initial burden, Mr. Todd had to come forward with evidence to establish that there was something particular in his case that rendered the otherwise available process unavailable. And it's on that issue where the court held an evidentiary hearing, and it's that adverse credibility determination against Mr. Todd that makes his challenge on appeal unfit. But how do we square what the magistrate judge did here with what happened in Williams? And there's another case called Rodriguez from 2018 that talks about factual statements, that if the prisoner makes factual statements to support his claim, that satisfies the burden of production. So what happens in Williams is, you know, in Williams we have a summary judgment posture. So once Mr., I'm sorry, Ms. Williams comes forward with evidence that rendered the process unavailable, you have to accept that allegation as true. And then the burden shifts to defendants to show that no reasonable person could believe Ms. Williams. In this context, you don't have that limitation on the fact finder. He is free, the judge is free to credit or discredit Mr. Todd, and he discredited Mr. Todd. In the Rodriguez case, the court recognized that defendants, again, satisfied their initial burden of production. And when it shifted to the plaintiffs in the Rodriguez case, the court credited those, unlike in this case, the court credited those allegations. Thus, so once that second part of the analysis is satisfied, then you go to the third analysis. Here, I mean, there's no need to go to the third prong of the burden shifting analysis, because it ended at the second one, when the court discredited the testimony of Mr. Todd. So what this court is left with is two things. One, administrative remedies were available to Mr. Todd. And two, Mr. Todd did not exhaust them. Well, I guess- Well, you know, on page nine of the magistrate judge's opinion, he says, however it being admitted that plaintiff did not exhaust it, it was incumbent upon plaintiff to establish that his appeal was improperly screened. That's just wrong, isn't it? The ultimate burden is on you, your clients, not on the plaintiff. It's incumbent upon Mr. Todd to come forward with evidence to persuade a fact finder that there was something in his particular case that rendered the process unavailable. That's not a burden persuasion or ultimate burden language. It's merely a requirement that Mr. Todd come forward or establish with evidence of unavailability. Well, he did that in that environment of production, which is not a credibility issue. But that's the whole point. I'm sorry. That burden is credibility, not step two. Put it this way. Had the magistrate judge misunderstood the burden shifting analysis, the court would have granted summary judgment, but it did not. It That's why it pushed it over for an evidentiary hearing to resolve that factual dispute. Once you have that factual finding against Todd, he is stuck with that factual finding. And that finding is fatal to Mr. Todd's appeal right now. Do you have any cases that support your reading of Albino that would require him to show, I guess, by a preponderance of the evidence at this stage to satisfy the burden of production? I mean, this case is very similar, analogous to Morton v. Hall. Here, as in Morton v. Hall, you have an evidentiary hearing. In Hall, defendants produce and satisfy their initial burden of production. There's no dispute about the burden of production here. The court also examined Mr. Hall's, I mean, Mr. Morton's testimony in Morton v. Hall. Same thing here. You know, the fact finder is evaluating Mr. Todd's testimony, and then ultimately concluded that, you know, there was no exhaustion, but we have the same reason. Morton was before Albino, correct? That's correct. Okay, let me ask the question again. Do you have any cases after that read Albino the way you do? Morton's before, so that doesn't help you. I think it's certainly instructive, but to answer your question, I don't have any particular case. But the other cases that we all cited are instructive in the sense that this is how you do the burden shifting. And so, and those cases, for example, in Williams, you know, the court held that, you know, you reverse to the district court to conduct the proceedings consistent with Albino, presumably to hold an evidentiary hearing like what we have in this particular case. Anything else? If the court, I'll just go into the court access claim real quickly. Sure. The court, Mr. Todd's court access claim is misguided. Perhaps a court access claim based on alleged interference with the grievance process is easy to allege in theory, but it's fatal in application and in practice. A court access claim requires a showing of actual injury, which is a requirement that flows from the standing doctrine. In the exhaustion context, alleged interference with the plaintiff's filing suit. And that's because exhaustion becomes an issue only if defendants raise and prove non-exhaustion. If defendants fail in that regard, then there is no actual injury to the plaintiff because the case proceeds to the merits. If defendants prevail, then plaintiff is stuck with a judicial finding that there is no exhaustion. In fact, the ability to appeal any adverse exhaustion ruling is access to the courts because you can correct any purported mistakes in any grievance ruling. For these reasons, we ask that the court affirm the judgment. Okay. Thank you. Your Honors, defendant's counsel discussed how the lower court and the magistrate judge understood the burden shifting analysis, but that's not the case. At no point in the magistrate judge's findings and recommendation does the magistrate judge cite the albino burden shifting standard. Further, defense counsel confuses two issues. Defense counsel states that the magistrate judge found that Mr. Todd's credibility was questioned by the judge and that he found Mr. Todd not to be credible on the issue of whether he filed appeals. This isn't accurate. The magistrate judge found Mr. Todd not to be credible on the issue of whether he maintained these additional planners. This is an issue regarding collateral evidence and corroborating evidence that Mr. Todd could have used to strengthen his claim if he had to meet a burden of proof. This does not go to the issue of whether he had actually filed the appeals. And on that issue, the magistrate judge found it very quite unlikely that Mr. Todd had not filed these appeals. And for these reasons, I ask that the Court find in favor of Mr. Todd and reject the defendant's exhaustion affirmative defense. Roberts. Okay. Thank you very much. We appreciate your arguments. Thank you.
judges: Gilman, Paez, Owens